UNITED STATES of America

v.

Chester A. SCHUTZ.

Crim. No. A–77–CR–11.

United States District Court,
W. D. Texas,
Austin Division.

April 29, 1977.

John E. Clark, U. S. Atty., Ronald P. Guyer, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Stephen M. Orr, Austin, Tex., for defendant.

## ORDER GRANTING MOTION TO SUPPRESS

ROBERTS, District Judge.

The Court held a hearing in this case on April 21, 1977, regarding Defendant's motion to suppress two .38 caliber revolvers and a quantity of ammunition for these revolvers. After hearing the evidence and considering the briefs and documents previously submitted in this case, the Court ordered in open Court that the motion to suppress be granted. The Court now enters this Order granting Defendant's motion to suppress, which shall constitute findings of fact and conclusions of law.

Defendant was arrested on January 11, 1977, by members of the Austin police department on the basis of a tip by a confidential informant. Defendant was charged in a State case with an offense relating to his possession of the previously mentioned weapon. An examining trial was held in State court after which Defendant was discharged because there was no probable cause to search Defendant. The transcript from the State proceeding was admitted in evidence at the hearing in this Court, and the parties stipulated that the testimony regarding the events occurring on January 11, 1977, after the conversation with the informant would be the same.

Defendant asserted two grounds for suppressing the weapons and ammunition: 1) the information provided to the Austin police by the informant was inadequate to establish probable cause, and 2) no exigent circumstances existed that precluded the police from obtaining a search warrant. The Court finds that the search was in violation of the Fourth Amendment under either ground.

The police officer who talked with the confidential informant on January 11, 1977, stated that the informant had given him reliable information in the past, and Defendant apparently has no quarrel with the informant's reliability. The officer also testified that the informant told him that Defendant would be at Jimmy Menem's house on Burleson Road, in Austin, Texas on that evening. According to the officer the informant also stated that Defendant would be carrying a weapon, and possibly narcotics. The police officer had talked to the informant about 8:30 P. M., and the police arrived at Menem's house about 9:30 P. M. After keeping the house under continuous surveillance, the police observed Defendant leave the house in a pickup driven by Defendant's wife about 10:30 P. M. The police then stopped the vehicle and searched Defendant, finding the gun and ultimately another gun and the ammunition. At no time did the police obtain or attempt to obtain a search warrant.

In order for an undisclosed informant's tip to be sufficient to establish probable cause for a search to be conducted, the informant must be reliable and the informant must explain some of the underlying circumstances regarding how he knew that Defendant would be carrying a weapon. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Regarding the second prong of the *Aguilar* test, a tip by a confidential informant is insufficient to establish probable cause if there is "no indication of how he came by his information," *United States v. Freund*, 525 F.2d 873, 876 (5th Cir. 1976), *cert. denied*, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976), or if the informant fails to provide "details of the alleged criminal activities." *United States v. Worthington*, 544 F.2d 1275, 1279 (5th Cir. 1977). *See also Spinelli v. United*

*States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). If the informant's tip alone is insufficient, probable cause may still be shown "if [an] independent investigation by government agents yields information consistent with and corroborative of the informer's tip." *United States v. Worthington, supra* at 1279. *See also Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

The Court concludes that there was no probable cause to stop Defendant's vehicle or to search him because the informant failed to explain to the police officer how he knew Defendant would be carrying a weapon. In both the State hearing and in this hearing the officer, when asked what the informant told him, stated that the informant said Defendant would be at a certain house on January 11, 1977, and would be carrying a weapon and possibly narcotics. The only time the officer ever mentioned that the informant said he had seen the gun was when he had been led to do so by the State prosecutor. After stating that the informant had seen the weapon in this hearing, the officer testified that he had not given this testimony at the State hearing because he feared for the informant's safety. He was unable to explain why he no longer feared for the informant's safety at this hearing, approximately three weeks after the State hearing. The Court finds that the officer's testimony that the informant said he had seen the gun on Defendant has no credibility because of the manner in which it was elicited.

The informant's tip contained no details of the Defendant's criminal activity, or if it can be argued that there were details given, such details were not "more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli v. United States, supra* 393 U.S. at 416, 89 S.Ct. at 589. Thus, the only question that remains is whether the independent investigation by the police yielded corroborative or consistent information that was sufficient to establish probable cause. The Court must answer this negatively. The

only information that was independently corroborated by the police was that Defendant would be at a certain house and that he would be in his pickup. It was only when Defendant was searched that the police corroborated that Defendant was in any way involved in criminal activity. The Court, therefore, concludes that the two .38 caliber revolvers and the ammunition for these revolvers were obtained in violation of the Fourth Amendment and should be suppressed from the evidence at Defendant's trial.

If it could be said that the police had probable cause to search Defendant, the Court would still find that this evidence should be suppressed because the police failed to obtain a search warrant. Approximately two hours elapsed between the time of informant's tip and the Defendant's arrest. Based on the evidence adduced at this hearing, the Court concludes that no exigent circumstances existed that prevented the officers from obtaining a search warrant. It is accordingly

ORDERED, ADJUDGED and DECREED that Defendant's motion to suppress the two .38 caliber revolvers and the quantity of ammunition found as a result of Defendant's being stopped and searched on January 11, 1977, is hereby GRANTED.